# In the United States District Court for the Southern District of Georgia Brunswick Division

LISA BRITT,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

2:25-CV-132

## ORDER

Before the Court are State Farm's motion to dismiss, dkt. no. 15, and Plaintiff's motion for leave to file an amended complaint, dkt. no. 26. For the reasons explained below, State Farm's motion to dismiss, dkt. no. 15, is **DENIED,** and Plaintiff is **ORDERED** to file an amended complaint within **twenty (20) days** of the date of this Order. That being so, Plaintiffs' motion for leave to amend the complaint, dkt. no. 26, is **DISMISSED.**

## BACKGROUND[1]

This case stems from an insurance dispute between Plaintiff Lisa Britt and her insurer, State Farm Fire and Casualty Company

---

[1] At the motion to dismiss stage, the Court must "accept all factual allegations in a complaint as true and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

("State Farm"). Dkt. No. 12. According to the operative complaint,[2] Plaintiff purchased an insurance policy from State Farm (the "Policy") to cover her property in Townsend, Georgia (the "Property"). Id. ¶ 5. The Policy covered the Property against accidental and direct physical loss. Id. ¶ 6; id. at 4-14 (text of a portion of the Policy embedded in the operative complaint).

Plaintiff claims that on or about September 26, 2024, the Property was damaged during Hurricane Helene, damage which Plaintiff characterizes as a "covered loss." Id. ¶ 7. As a result, Plaintiff submitted a claim to State Farm pursuant to the Policy. Id. ¶ 8. State Farm then assigned Plaintiff a claim number and assigned an adjuster to investigate the claimed damage. Id. ¶¶ 10-11. This inspector, who Plaintiff claims was a "representative and agent" of State Farm, then conducted a site inspection of Plaintiff's home. Id. ¶¶ 9, 11. While State Farm allegedly acknowledged coverage for the loss, Plaintiff claims that the damage sustained was far greater than the damage acknowledged by State Farm. Id. ¶¶ 13-14. This, according to Plaintiff, amounted to a breach of the Policy, which was not remedied when Plaintiff requested a reevaluation of the claim. Id. ¶¶ 14-15. In sum,

---

[2] Plaintiff captions the operative complaint the "second amended complaint," though the record indicates that the complaint at issue is Plaintiff's first amended pleading. Dkt. No. 12. To limit confusion, the Court will refer to the complaint challenged in State Farm's motion to dismiss as the "operative complaint," dkt. no. 12.

2

Plaintiff alleges that she has suffered physical damage to the Property "in an amount to be determined at trial but not to exceed $71,147.98." Id. ¶ 19. Plaintiff also claims monetary loss from "mitigation and temporary repairs." Id. ¶ 26.

On September 17, 2025, Plaintiff filed suit against State Farm in the Superior Court of McIntosh County, Georgia. Dkt. No. 1-1. State Farm then removed to this Court and moved to dismiss. Dkt. Nos. 1, 10. However, before the Court decided the motion to dismiss, Plaintiff filed an amended complaint. Dkt. No. 12. Accordingly, the Court denied State Farm's motion to dismiss as moot, dkt. no. 13, and State Farm now renews its motion to dismiss, dkt. no. 15.[3] Plaintiff responded in opposition, though her response was untimely. Dkt. Nos. 15, 25. On February 12, 2026, Plaintiff moved for leave to file an amended complaint. Dkt. No. 26.

---

[3] Following State Farm's second motion to dismiss, Plaintiff filed another amended complaint, which she labeled the "third amended complaint." Dkt. No. 23. State Farm then filed a motion to strike this complaint from the record, arguing that Plaintiff was not authorized to file an amended complaint under Federal Rule of Civil Procedural 15(a)(2). Dkt. No. 19 at 3-4. Plaintiff filed a motion to withdraw this complaint, dkt. no. 23, which the Court granted, rendering moot State Farm's motion to strike, dkt. no. 24 at 1. Accordingly, the previous complaint, dkt. no. 12, remains the operative complaint.

## DISCUSSION

### I.   Legal Authority

The Federal Rules of Civil Procedure provide certain procedural thresholds that a complaint must satisfy to withstand a motion to dismiss. One such example is Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard does not mandate "detailed factual allegations," but a complaint will fall short of this threshold if it contains merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the core inquiry is whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). This means that a plaintiff must plead sufficient facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this is not a "probability requirement," the plausibility standard does require "'more than a sheer possibility' that the plaintiff's allegations are true." Gissendaner v. Comm'r, 803 F.3d 565, 568 (11th Cir. 2015) (quoting Iqbal, 556 U.S. at 678).

4

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Courts employ a series of "working principles" to determine whether a pleading satisfies this test. See, e.g., id. at 663-64 (citing Twombly, 550 U.S. at 555-56). For example, the Court must accept the facts alleged in the complaint as true and construe them in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016) (citing Ironworkers Local Union 68 v. AstraZeneca Pharms., LP, 634 F.3d 1352, 1359 (11th Cir. 2011)). However, conclusory allegations are not afforded the same assumption of truth. Iqbal, 556 U.S. at 678; see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth[.]"). As a result, the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met. Iqbal, 556 U.S. at 678-79. Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Finally, the Court need not "accept as true a legal

conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

## II.  The Present Action

State Farm moves to dismiss the operative complaint in its entirety for failure to state a claim. Dkt. Nos. 15, 15-1. While Plaintiff responded to the motion, she did not do so within the applicable time period.[4] Dkt. Nos. 15, 25. Because Plaintiff's eventual response was untimely, Defendant's motion to dismiss is deemed unopposed under Local Rule 7.5. <u>See</u> S.D. Ga. L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."); <u>Fields v. Ashley</u>, No. CV 123-136, 2025 WL 1490486, at *1 (S.D. Ga. May 1, 2025), <u>report and recommendation adopted as modified,</u> No. CV 123-136, 2025 WL 1490178 (S.D. Ga. May 23, 2025). Nevertheless, it is necessary to review State Farm's substantive arguments to affirm the motion to dismiss has a legal basis. <u>See</u> <u>Brannen v. McGlamery</u>, No. CV 620-122, 2023 WL 3079435, at *1 (S.D. Ga. Apr. 25, 2023) (same). While the operative complaint falls short of federal pleading requirements, the Court holds that it is proper to allow Plaintiff to file an additional amended complaint.

---

[4] The Court notes that, even if it were to consider Plaintiff's response to the pending motion to dismiss, the response only addresses the Defendant's prior motion to strike and authority regarding leave to file an amended complaint, not the motion to dismiss itself. Dkt. No. 25 at 1-8.

## A.    The operative complaint fails to state a claim.

### i.    Plaintiff's breach of contract claim is not sufficiently pled.

Under Georgia law, courts use ordinary rules of contract interpretation to analyze insurance policies. Ace Am. Ins. Co. v. Wattles Co., 930 F.3d 1240, 1252 (11th Cir. 2019) (citing Am. Strategic Ins. Corp. v. Helm, 759 S.E.2d 563, 565 (Ga. Ct. App. 2014)); see also Lambert v. Alfa Gen. Ins., 660 S.E.2d 889, 891 (Ga. Ct. App. 2008) ("Under Georgia law, contracts of insurance are interpreted by ordinary rules of contract construction[.]" (citations omitted)). "The elements of a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Moore v. Lovein Funeral Home, Inc., 852 S.E.2d 876, 880 (Ga. Ct. App. 2020) (citation omitted).

State Farm's motion to dismiss centers on whether Plaintiff plausibly alleged "breach" and "damages." Dkt. No. 15-1 at 2, 4-5. More specifically, State Farm argues that Plaintiff's breach of contract claim is insufficiently pled because she fails to clarify "(a) what provision State Farm allegedly violated; (b) what amount State Farm purportedly owed under the policy; and (c) what factual conduct constituted a breach." Id. While Plaintiff's lack of specificity in the operative complaint as to policy provisions and allegedly violative conduct provides reason for dismissal, the alleged failure to specify amount of loss does not.

7

First, Plaintiff fails to plausibly allege the "breach" element of the breach of contract claim. Under Georgia law, "[a] breach-of-contract claim that fails to identify a specific contractual provision that the defendant breached may be subject to dismissal." Shah Ali Inv., LLC v. First Am. Title Ins. Co., No. 1:20-CV-02656-SCJ, 2021 WL 12130744, at *5 (N.D. Ga. Mar. 10, 2021) (citations omitted); see also Am. Casual Dining, L.P. v. Moe's S.W. Grill, LLC, 426 F. Supp. 2d 1356, 1368–69 (N.D. Ga. 2006) (dismissing breach of contract claims where litigant alleged numerous acts and omissions by defendant that allegedly breached agreement without identifying any "specific contractual provisions"); Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358–59 (11th Cir. 2020) (concluding that district court properly dismissed breach-of-contract claim that "generally asserted" breach without identifying "any provisions or any specific agreements that were breached, nor excerpt[ing] any relevant portions of an agreement to allege the existence of a valid contract"); Allstate Ins. Co. v. ADT, LLC, No. 1:15-CV-517-WSD, 2015 WL 5737371, at *7 (N.D. Ga. Sept. 30, 2015) ("Plaintiff does not identify what Contract provision was allegedly breached, and for this reason, Plaintiffs' Complaint, as currently plead, fails to state a claim for breach of contract and is required to be dismissed."). While litigants are not necessarily required to quote from an insurance policy to state a breach of contract claim,

8

general allegations of breach without further guidance as to the specific policy provisions at issue will not do. See Est. of Bass, 947 F.3d at 1359 (citing Iqbal, 556 U.S. at 678); Huck v. Phila. Consol. Holding Corp., No. 1:19-CV-03336-SDG, 2020 WL 4726753, at *6 (N.D. Ga. Mar. 19, 2020).

The operative complaint does not give State Farm adequate notice of the Policy provisions allegedly breached because there are multiple provisions in the embedded excerpts which could, in theory, lead to liability, and the substantive allegations in the operative complaint do not provide further clarity as to which of those provisions is at issue. See generally Dkt. No. 12; see also Dkt. No. 15-1 at 2 (arguing the same). Here, in the operative complaint, Plaintiff alleges that she purchased the Policy from State Farm, provides the policy number, and states that State Farm agreed to "provide insurance coverage to [Plaintiff's] property against sudden and accidental direct physical loss pursuant to the following provisions." Dkt. No. 12 ¶¶ 5-6. Plaintiff then embeds eleven full pages of the Policy's text, which includes a multitude of policy provisions on property coverage and losses insured. Id. at 4-14. Regarding the loss at issue here, Plaintiff states in conclusory fashion that she suffered a "covered loss" as a result of Hurricane Helene, and State Farm's "refusal to properly investigate and pay the Loss" constitutes breach of the Policy. Id. ¶¶ 8, 24.

While Plaintiff points to a subset of the Policy rather than the Policy as a whole, the attached sections still "contain[] a plethora of coverage provisions, forms, exclusions, and endorsements, any of which could, theoretically, saddle Defendant[] with liability." Huck, 2020 WL 4726753, at *6 (rejecting litigants' "request for the Court to adopt a relaxed pleading standard permitting them to state a plausible claim by merely referencing and attaching the contract"). And Plaintiff's substantive allegations about the Policy—that State Farm will cover "sudden and accidental direct physical loss"—provide *some* guidance, but not enough. Dkt. No. 12 ¶¶ 5-6. While the Policy excerpts include coverage for "accidental direct physical loss to the property," this coverage extends to both "Dwellings" and "Personal Property," and Plaintiff does not provide sufficient information about what was allegedly damaged in the hurricane to allow the Court to discern which coverage is relevant. Id. at 12. The excerpted sections also describe "Additional Coverages," which may, in theory, form the basis of Plaintiff's claim. Id. at 8. In short, while attaching these Policy excerpts does allow the Court to narrow down the relevant portions in some respect, the operative complaint does not contain the specificity needed to allow State Farm to discern what provision(s) it allegedly breached and the actions that constituted that breach.

Second, State Farm argues that Plaintiff does not adequately specify the amount State Farm was allegedly obligated to pay, even in light of new material added to the operative complaint. Dkt. No. 15-1 at 4. Plaintiff alleges that there was physical damage to the Property amounting to $71,147.98. Dkt. No. 12 ¶ 19. Plaintiff further alleges that these losses were greater than the losses acknowledged by State Farm on or about October 25, 2024. Id. ¶¶ 13-14. As such, Plaintiff's claim that State Farm owes her the full amount allegedly due under the Policy adequately establishes damages at the pleading stage. See Stephenson v. N.H. Ins. Co., No. 2:18-CV-137-GMB, 2019 WL 1245790, at *4 (M.D. Ala. Mar. 18, 2019) (stating that allegation that insurance company "owes [insured] the full value of the policy because [insured's] damages exceed the policy limits adequately establish[ed] liability and damage at the pleading stage").

### ii. If Plaintiff's breach of contract claim fails, the remaining derivative requests fail, too.

While the operative complaint only includes one substantive cause of action, Plaintiff also seeks statutory penalties, attorneys' fees, litigation expenses, and other extra-contractual damages.[5] Dkt. No. 12 ¶ 31. These requested remedies can be properly

---

[5] State Farm counters Plaintiff's attempt to seek "statutory penalties" by arguing that Plaintiff is not entitled to recover bad-faith penalties under O.C.G.A. § 33-4-6 because she has not met the pleading requirements to seek such penalties. Dkt. No. 15-1 at 3. Plaintiff, while she alleges that State Farm "failed to act in good faith and fair dealing," does not point to any

11

characterized as derivative claims, meaning they cannot surpass a motion to dismiss without a surviving independent cause of action. Williams v. Wal-Mart Stores E., LP, (Delaware), 661 F. Supp. 3d 1264, 1272 (N.D. Ga. 2023) (characterizing requests for attorneys' fees as derivative claims which fail if the substantive claim(s) fail); Wilson v. TASER Int'l, Inc., No. 4:06-CV-0179-HLM, 2008 WL 11334209, at *4 (N.D. Ga. June 12, 2008), aff'd, 303 F. App'x 708 (11th Cir. 2008) ("A claim for attorneys' fees and expenses of litigation is a derivative claim, and 'will not lie in the absence of a finding of compensatory damages on an underlying claim.'" (quoting D.G. Jenkins Homes, Inc. v. Wood, 582 S.E.2d 478, 482 (Ga. App. 2003))); Children's World Learning Ctr. v. Carter, 879 S.E.2d 811, 817 (Ga. App. 2022) (characterizing statutory "bad faith" penalties as derivative claims failing with the substantive claims). As a result, the operative complaint fails to state a claim. Dkt. No. 1; Dkt. No. 15-1 at 3-4.

B. **It is proper to allow Plaintiff to amend the operative complaint.**

While the operative complaint falls short of federal pleading requirements, the Court holds that it is proper to allow Plaintiff

---

particular statutory provision under which she could recover penalties. Dkt. No. 12 ¶ 24; Id. ¶ 31(f) (seeking "all statutory penalties" without identifying a statutory provision providing for such remedies). The Court need not reach the issue of whether Plaintiff sufficiently pled her request for statutory penalties because the operative complaint's one substantive count cannot survive a motion to dismiss as currently pled. See generally id.

12

to amend her complaint to remedy the current deficiencies.[6] When the time for a party to amend a pleading as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). At the same time, a district "court should freely give leave when justice so requires," unless there is an "apparent or declared reason" to deny it such as "undue prejudice to the opposing party." Id.; Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC, 7 F.4th 989, 999–1000 (11th Cir. 2021) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006)). Leave to amend should not be given when doing so would be futile, meaning "the proposed amended complaint would still be subject to dismissal." Ctr. for a Sustainable Coast v. Nat'l Park Serv., 454 F. Supp. 3d 1347, 1355–56 (S.D. Ga. 2020) (citing Lacy v. BP P.L.C., 723 F. App'x 713, 715 (11th Cir. 2018)).

The decision to allow amendment is within the district court's discretion, and "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." Pinnacle, 7 F.4th at 1000 (citing Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406–07 (11th Cir. 1989) (stating that

---

[6] As noted above, Plaintiffs and State Farm mistakenly refer to the operative complaint as the "second amended complaint," even though, based on this case's procedural history, it is actually the *first* amended complaint. Dkt. Nos. 12, 15-1.

13

Rule 15's policy of "liberally permitting amendments to facilitate [the] determination of claims on the merits circumscribes the exercise of the district court's discretion")). And district courts may use this discretion "to allow pleading amendments even when a party does not formally request leave." Id. (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that a "district court is not *required* to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court" (emphasis added))). In short, the Eleventh Circuit "neither require[s] a district court to amend a pleading *sua sponte* nor forbid[s] it." Id.

Here, the Court holds that it is proper to allow Plaintiff to amend the complaint in an effort to reach the merits of this case. Pinnacle, 7 F.4th at 1000 (citing Shipner, 868 F.2d at 406-07). There is no apparent reason or suggestion of undue prejudice present in this case such that this Court's broad discretion to allow amendment should be cabined. Id. Further, regarding futility, Plaintiff could amend the complaint to identify the specific contractual provision at issue, remedying the current deficiency identified in this Order. Ctr. for a Sustainable Coast, 454 F. Supp. 3d at 1357 (granting motion to amend pleading in part because futility was uncertain, even though it was possible that

defendants would still win on a renewed motion to dismiss).  As a result, rather than dismissing the complaint, the Court **DENIES** State Farm's motion to dismiss at this time and **ORDERS** Plaintiff to file an amended complaint within **twenty (20) days** of the date of this Order. Plaintiff is warned that a failure to assert sufficient factual allegations to support a plausible claim for relief will result in dismissal of this case.

## CONCLUSION

State Farm's motion to dismiss, dkt. no. 15, is **DENIED,** and Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order. Plaintiff's motion for leave to file an amended complaint, dkt. no. 26, is **DISMISSED.** The hearing scheduled for Tuesday, February 17, 2026 at 10:45 a.m. is cancelled.

**SO ORDERED** this 17 day of February, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15